IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOSHUA R. HANSHAW                                                           PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 1:21-cv-00111-BWR

JACKSON COUNTY, *et al.*                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

When he filed this lawsuit, Plaintiff Joshua R. Hanshaw was a convicted and sentenced prisoner in the custody of the Mississippi Department of Corrections ("MDOC") being housed at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi. Compl. [4] at 2, 4; Memo. [32] at 5.[1] Proceeding *pro se* and *in forma pauperis*, Hanshaw filed this civil action under 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement at JCADC. Compl. [4] at 2-4. Hanshaw originally named JCADC, Sheriff Mike Ezell, Lieutenant Mitchell McMillian, and Captain Tyrone Nelson as Defendants. *Id.* at 2-3. Hanshaw later replaced JCADC with Jackson County as a Defendant. Order [15] at 1. After an Omnibus Hearing,[2] Defendants filed a Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies. Mot. [31]; Memo. [32]. Hanshaw filed a response in

---

[1] Hanshaw was sentenced for felony driving under the influence and being a felon in possession of a firearm on January 19, 2021—about four months before he filed this lawsuit on April 6, 2021. *See* https://www.ms.gov/mdoc/inmate/Search/GetDetails/146710 (last accessed Jan. 9, 2023). The Court "may take judicial notice of matters of public record" like this. *See Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

[2] The Court held an Omnibus Hearing on January 18, 2022, to give Hanshaw a chance to clarify his claims. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

opposition, Doc. [35], and no reply followed.  For the following reasons, the Court finds that Defendants' Motion [31] for Summary Judgment should be granted and this civil action dismissed without prejudice.

## I.   BACKGROUND

The events giving rise to this lawsuit started on or about December 2, 2020, and allegedly continued for a period of about five months—until Hanshaw was relocated from JCADC to another facility.  Compl. [4] at 4; Mot. [14] at 2; Mot. [31] at 1.  Hanshaw avers that he suffered sleep deprivation while housed at JCADC because the lights were left on for 24 hours per day.  Compl. [4] at 5.  He says that Defendants were aware of the situation, but "nothing was done."  *Id*.  In addition to his inability to sleep, Hanshaw claims that he suffered headaches, for which he was refused medical attention.  *Id*.  He also claims damage to his eyes and psychological trauma.  Mot. [14] at 2.  For relief, he seeks $5,000,000 in monetary damages to compensate him for the "torture" he suffered.  Compl. [4] at 5.

Hanshaw allegedly filed grievances about this situation "with floor officers and supervisors."  *Id*. at 8.  In response, Hanshaw "was told to get over it" and that "if [he] kept complaining things could get a lot worse."  *Id*.  Still in MDOC custody, Hanshaw is now housed at the Pike County Jail.  Notice [24] at 1.

## II.   STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010) (quotation omitted). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

3

### III. DISCUSSION

Plaintiff's Complaint must be dismissed without prejudice as to all claims and all Defendants because he failed to fully exhaust administrative remedies before filing this lawsuit. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

Exhaustion of administrative remedies through the prison grievance system is a prerequisite for lawsuits filed under § 1983. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available have been exhausted."). The Fifth Circuit Court of Appeals takes a "strict approach" to the exhaustion requirement. *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (quotation omitted). "Exhaustion is mandatory for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003 (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is mandatory where an inmate has failed to properly exhaust the applicable administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *see*

4

*also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 83-84. "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Evans v. Harrison Cnty. Adult Detention Ctr.*, No. 1:18-cv-00087-RHW, 2020 WL 980149, at *1 (S.D. Miss. Feb. 28, 2020). "The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act." *Id.* A properly exhausted claim is one that has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford*, 548 U.S. at 88. Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

"The exhaustion requirement hinges on the availability of administrative remedies." *Pettis v. Hall*, No. 1:19-cv-00127-RPM, 2021 WL 785096, at *1 (S.D Miss. Mar. 1, 2021) (brackets and quotation omitted). "An inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* A convicted MDOC inmate housed at JCADC has available to him—and must exhaust—both JCADC's grievance procedure and MDOC's Administrative Remedies Program ("ARP"). *See Tomlin v. Jackson Cnty.*, No. 1:16-cv-00062-RHW, 2017 WL 1201756, at *3 (S.D. Miss. Mar. 31, 2017) ("As a

5

convicted MDOC inmate housed at JCADC, Tomlin had available to him both the JCADC grievance procedure and the ARP.").

According to JCADC's Inmate Handbook, "[i]nmates may file a grievance when subject to a criminal act by another inmate, a prohibited act by a staff member, abuse or harassment, a violation of civil rights, or denial of common privileges without cause." Mot. [31-1] at 5. "Inmates should file these grievances by using the inmate request system," and "[t]he form should clearly describe the problem and include a detailed account of the circumstances which led to the grievance." *Id*. As relevant here, "[i]nmates who have been sentenced to the Mississippi Department of Corrections also have access to the Administrative Remedy Program." *Id*. MDOC's ARP then requires an inmate to complete two steps before filing a lawsuit about the conditions of their incarceration. Mot. [31-2] at 1-2. An inmate must submit a first-step written grievance, "present[ing] as many facts as possible" about the incident. Mot. [31-2] at 1. If an inmate is dissatisfied with the first-step response, he may continue to the second step by submitting the appropriate ARP form. *Id*. If an inmate is dissatisfied with the second-step response, only then may he file suit in federal court. *Id*.; *see also Tomlin*, 2017 WL 1201756, at *3.

Defendants submitted documentary evidence in support of their Motion [31] for Summary Judgment as follows. Captain Nelson, Director of JCADC, testified by affidavit that JCADC's Inmate Handbook "is readily available to all inmates" and "is located on a kiosk present in each Day Room at . . . JCADC." Mot. [31-1] at 1. In his

capacity as Director, Captain Nelson "respond[s] to grievances filed by the inmates on [the] kiosk system." *Id*. He certified that Hanshaw submitted only one grievance on the kiosk system during his time at JCADC. *Id*. at 1, 3. That grievance concerned the issue raised in this lawsuit and was filed a week before this lawsuit was initiated. *Id*. at 3. In response to Hanshaw's grievance, Captain Nelson advised him that "[t]he part to correct the [lighting] issue has been ordered." *Id*. Captain Nelson further certified that he receives and responds to all grievances filed by JCADC inmates pursuant to MDOC's ARP and that Hanshaw did not file any such grievance "at any time during his incarceration at . . . JCADC." *Id*. at 1-2.

Hanshaw does not dispute this account. In Response [35] to Defendants' Motion [31], Hanshaw appears to admit that he did not exhaust all available administrative remedies because "seeking help through administrative remedies wasn't going to solve [his] problem." Resp. [35] at 1. Though he submitted one grievance, to which Captain Nelson responded, it is undisputed that Hanshaw never completed MDOC's ARP by preparing and filing the proper ARP grievance forms. *See* Mot. [31-1] at 1-2. Assuming Hanshaw's one grievance was sufficient to initiate a first-step grievance, at no point did Hanshaw complete a second-step grievance form. Based on these facts, the undersigned finds that Hanshaw did not fully exhaust the available administrative remedies before filing this lawsuit. *See Corring v. Epps*, No. 2:13-cv-00029-KS-MTP, 2013 WL 6199581, at *4 (S.D. Miss. Nov. 27, 2013) ("[T]he failure of prison officials to respond to a grievance does not constitute a valid excuse

7

for failure to exhaust administrative remedies." (quotation omitted)).

## IV. CONCLUSION

Having thoroughly reviewed and liberally construed Hanshaw's pleadings and testimony, along with the Motion [31] and Response [35] presently pending, the Court finds that Hanshaw's Complaint should be dismissed without prejudice as to all claims and all Defendants based on his failure to fully exhaust administrative remedies before filing this lawsuit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion [31] for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies is **GRANTED**. This civil action is **DISMISSED WITHOUT PREJUDICE** as to all claims and all Defendants. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this 9th day of January, 2023.

*s/ Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE